**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Windy Hill MHP, LLC, Respondent,

v.

Chris Holcombe, Appellant.

Appellate Case No. 2017-002386

Appeal From Anderson County
R. Lawton McIntosh, Circuit Court Judge

Unpublished Opinion No. 2020-UP-149
Submitted May 1, 2020 – Filed May 20, 2020

**AFFIRMED**

Chris Holcombe, of Easley, pro se.

Ralph Gleaton, of Gleaton Law Firm, PC, of Greenville,
for Respondent.

**PER CURIAM:** In this pro se appeal, Chris Holcombe appeals the circuit court's order affirming the magistrate's writ of ejectment, arguing (1) no one he spoke to knew the law regarding evicting a tenant with a disability and (2) the eviction process has affected his health due to his disabilities. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.  We find Holcombe abandoned his claim that no one he spoke to knew the law regarding evicting a tenant with a disability because he failed to cite any authority or set forth any argument supporting his claim.  *See Broom v. Jennifer J.*, 403 S.C. 96, 115, 742 S.E.2d 382, 391 (2013) ("Issues raised in a brief but not supported by authority may be deemed abandoned and not considered on appeal."); *Ellie, Inc. v. Miccichi*, 358 S.C. 78, 99, 594 S.E.2d 485, 496 (Ct. App. 2004) ("[W]here an issue is not argued within the body of the [appellant's] brief but is only a short conclusory statement, it is abandoned on appeal.").

2.  To the extent Holcombe argued the circuit court did not apply the relevant law, we find the circuit court cited to the relevant law in its order.  Further, we find the following evidence in the record supports the circuit court's finding that Windy Hill MHP, LLC (Windy Hill) made reasonable accommodations for Holcombe's disabilities: Windy Hill (1) gave Holcombe sixty-days' notice to vacate in July 2015, (2) allowed him to continue leasing his lot on a month-to-month tenancy, (3) gave him four-months' notice to vacate in March 2016, and (4) postponed initiating ejectment proceedings until August 2016—an entire year after Holcombe's written lease terminated.  *See Hadfield v. Gilchrist*, 343 S.C. 88, 94, 538 S.E.2d 268, 271 (Ct. App. 2000) ("Unless [the court of appeals] finds an error of law, [it] will affirm the [circuit court]'s holding if there are any facts supporting [its] decision."); 42 U.S.C. § 3604(f)(2)(A) (2018) (stating it is unlawful to discriminate against a tenant in the terms, conditions, or privileges of renting a dwelling because of the tenant's disability); § 3604(f)(3)(B) (stating "discrimination includes . . . a refusal [by the landlord] to make reasonable accommodations in rules, policies, practices, or services"); *id.* (stating an accommodation is reasonable if it "afford[s] equal opportunity [for a tenant with a disability] to use and enjoy a dwelling").  Because the record supports the circuit court's finding that Windy Hill made reasonable accommodations, we find the circuit court properly held Windy Hill did not discriminate against Holcombe due to his disabilities.  *See* § 3604(f)(3)(B) (stating "discrimination includes . . . a refusal [by the landlord] to make reasonable accommodations in rules, policies, practices, or services").

3.  We find Holcombe's arguments regarding the impossibility of moving his mobile home and the conversations he had with Windy Hill's property manager are not preserved for review because they were not raised to and ruled upon by the circuit court.  *Cf. Kiawah Prop. Owners Grp. v. Pub. Serv. Comm'n of S.C.*, 359 S.C. 105, 113, 597 S.E.2d 145, 149 (2004) (holding an issue not raised to and ruled upon by the circuit court in an appeal from the administrative law court was not preserved for review by the supreme court).

**AFFIRMED.**[1]

**LOCKEMY, C.J., and GEATHERS and HEWITT, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.